UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

MOSHE CANTY,

                              Petitioner,

    -against-

SUPERINTENDENT P. CHAPPIUS,

                              Appellant.

----------------------------------X

**MEMORANDUM AND ORDER DENYING WRIT OF *HABEAS CORPUS***

15-cv-2058(KAM)

**KIYO A. MATSUMOTO, United States District Judge:**

Pro se petitioner Moshe Canty ("Petitioner") brings the above-captioned petition pursuant to 28 U.S.C. § 2254, alleging that his resentencing adding a period of five years post-release supervision violates his constitutional rights. (ECF No. 1, Petition for a Writ of Habeas Corpus, at 3.)[1] The claims arise out of petitioner's resentencing in the Supreme Court, Queens County, on September 19, 2012. (*Id.* at 2.) For the reasons stated below, the petition is denied.

### I. Background

On November 18, 1999 petitioner was sentenced in New York State Supreme Court, Kings County, to concurrent prison terms of 20 years imprisonment based on a conviction of

---

[1] The page numbers cited herein refer to the page numbers assigned by the Electronic Court Filing System ("ECF") unless otherwise indicated.

1

attempted murder in the second degree, ten years based on a conviction of robbery in the first degree, and seven years based on a conviction of criminal possession of a weapon in the second degree. (ECF No. 5-1, State Court Rec. at 2, 9.) At that time, no period of post-release supervision was imposed. (*Id.*) The judgment was affirmed on direct appeal to the Appellate Division of the Supreme Court, Second Department, and the petitioner's request for leave to appeal to the New York Court of Appeals was denied. *People v. Canty,* 305 A.D.2d 612 (2d Dep't 2003), *leave denied,* 100 N.Y.2d 579 (2003).

On June 25, 2004 petitioner moved pursuant to New York Criminal Procedure Law § 440.10 to vacate his judgment of conviction on grounds of ineffective assistance of counsel. (Petition for Writ of Habeas Corpus, 4.) Petitioner's motion was denied without a hearing by Kings County Supreme Court on September 27, 2004. (*Id.*) Petitioner was granted leave to appeal to the Appellate Division, where the motion to vacate was denied in a decision dated September 26, 2006, affirming the decision of the Kings County Supreme Court. *People v. Canty,* 32 A.D.3d 1043 (2d Dep't 2006). The Appellate Division held that denial of the motion was proper because petitioner made no showing that trial counsel's failure to contact additional alibi witnesses prejudiced his case or deprived him of meaningful representation. *Id.* at 1044. Petitioner then sought leave to

2

appeal the Appellate Division's decision, and by order dated December 28, 2006 the request was denied. *People v. Canty,* 7 N.Y.3d 924 (2006).

On April 9, 2007 petitioner filed a writ of habeas corpus in the United Stated District Court for the Eastern District of New York, claiming that the evidence presented at trial was insufficient to support his conviction. *Canty v. Napoli,* No. 07-cv-1464, 2010 WL 1423953 (E.D.N.Y. Apr. 7, 2010). On April 7, 2010 the petition was denied and the court held that a rational trier of fact could conclude that the State had proven beyond a reasonable doubt each of the "essential elements" of the charges. *Id.* at *4. The court denied petitioner's application for a certificate of appealability. *Id.*

On September 19, 2012 petitioner appeared before the Supreme Court, Kings County for resentencing pursuant to New York Penal Law § 70.45. (State Court Rec. at 1.) In 2008, New York Penal Law § 70.45 was amended to require that, "when imposing a determinate sentence, the sentencing judge shall state the period of post-release supervision." Citing *Smith v. Wenderlich,* 826 F.3d 641, 643 (2d Cir. 2016) (internal citations and quotations omitted). Petitioner objected to the re-sentencing, arguing that the state court lacked jurisdiction to resentence him and that the resentencing violated the double

3

jeopardy clause of the United States Constitution. (*Id.* at 3-5.) The state court resentenced petitioner *nunc pro tunc* as a second violent felony offender to three concurrent terms of imprisonment of, respectively, twenty years, ten years, and seven years, along with concurrent five-year periods of post-release supervision. (*Id.*)

Petitioner appealed the resentencing to the Appellate Division, arguing that the addition of a period of post-release supervision at resentencing violated his due process rights and the prohibition against double jeopardy. *People v. Canty*, 111 A.D.3d 955 (2d Dep't 2013). On November 27, 2013 the Appellate Division affirmed the resentencing, holding that since the petitioner had not yet completed his original sentence when the resentencing took place, the inclusion of the statutorily required period of post-release supervision did not subject him to double jeopardy or violate his right of due process. *Id.* Petitioner sought leave to appeal the Appellate Division's decision to the New York Court of Appeals, and by order dated March 7, 2014 petitioner's request for leave to appeal was denied. *People v. Canty*, 22 N.Y.3d 1155 (2014).

By *pro se* application dated April 7, 2015, petitioner filed a Writ of Habeas Corpus with this court, claiming that the addition of a period of post-release supervision at resentencing

4

violated his due process rights and the prohibition against double jeopardy. (Writ of Habeas Corpus at 1, 3.)

## II. Discussion

Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death penalty Act of 1996 (AEDPA), provides federal habeas relief to "a person in custody pursuant to the judgment of a state court . . . in violation of the Constitution of laws and treaties of the United States . . . ." 28 U.S.C. § 2254(a). Federal courts may grant habeas relief only where the state court decision "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

To hold that a state-court adjudication was "contrary to" a United States Supreme Court holding, the federal habeas court must conclude that the state court arrived at a conclusion that is the "opposite" of the conclusion reached by the Supreme Court on a question of law or "decide[d] a case differently than th[e Supreme] Court has on a materially indistinguishable set of facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). In order to hold that a state court's adjudication constituted "an unreasonable application of" a Supreme Court holding, the district court must conclude that "the state court identifie[d] the correct governing legal principle from th[e Supreme] Court's

5

decisions but unreasonably applie[d] the principle to the facts of the prisoner's case." *Id.* at 413. "[T]his standard is difficult to meet . . . because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "[T]he purpose of AEDPA is to ensure that federal habeas relief functions . . . not as a means of error correction," but rather "as a guard against extreme malfunctions in the state criminal justice systems." *Greene v. Fisher*, 565 U.S. 34, 43 (2011).

In the instant case, petitioner claims that the addition of a period of post-release supervision at a resentencing while he was serving his custodial sentence, violated the Constitutional prohibition against double jeopardy. The Second Circuit has squarely addressed this issue and rejected this argument in a similar situation in *Smith v. Wenderlich*. *See Generally* 826 F.3d at 641.

In *Smith*, the Second Circuit considered a habeas petition from a state prisoner who, like petitioner, challenged the imposition of a term of post-release supervision at resentencing. *Id.* at 642-44. The Department of Corrections and Community Supervision notified the sentencing court in *Smith* that it had sentenced the prisoner without imposing a period of post-release supervision as required by New York Penal Law § 70.45. *Id.* at 644-46. After receiving the notification, the court resentenced the prisoner and added a term of post-release

supervision at resentencing. *Id.* The prisoner appealed the resentencing, the new sentence was affirmed, and the prisoner sought habeas relief—arguing that his resentencing violated the prohibition against double jeopardy. *Id.* at 646.

The Second Circuit rejected the prisoner's argument and affirmed the conviction. *Id.* The court held that "under the deferential standard of AEDPA review, it is not contrary to or an unreasonable application of *DiFrancesco* for a state court to hold that the Double Jeopardy Clause permits the resentencing of a prisoner while he is still in prison, when such resentencing is necessary to impose a term of supervised release required by statute." *Id.* at 651 (referencing *United States v. DiFrancesco*, 449 U.S. 117, 142-143). Further, the court affirmed the state court's determination that the prisoner, "had no legitimate expectation that his determinate sentence had become final," and therefore his double jeopardy rights were not violated by resentencing. (*Id.* at 653.)

The Second Circuit has examined and rejected the exact argument raised by petitioner in the instant action, with the court in *Smith* explicitly holding that the imposition of post-release supervision on an incarcerated individual at the time of resentencing is not a violation of the prohibition against double jeopardy. Likewise, petitioner's resentencing to a

7

period of post-release supervision was not contrary to or an unreasonable application of clearly established Supreme Court law and thereby did not violate due process. The Second Circuit has analyzed relevant Supreme Court precedent in concluding that due process is satisfied when the term of post-release supervision is imposed by a judge. *See e.g. Earley v. Murray*, 451 F.3d 71, 75-76 (2d Cir. 2006); *Vincent v. Yelich*, 718 F.3d 157, 163 (2d Cir. 2013) ("In [2006] . . . the Second Circuit considered the issue for the first time, and held that a term of PRS was not enforceable unless it had been pronounced by the sentencing judge on the record."). Petitioner's resentencing took place before a judge and imposed a statutorily required period of post-release supervision. (State Court Rec. at 3-4.) This procedure has been specifically authorized by the Second Circuit, where a sentencing oversight by the sentencing judge is corrected through a judicial proceeding. *Earley*, 451 F.3d at 76. As such, petitioner's resentencing did not violate due process, and petitioner's claim for habeas relief is denied.

## III. Conclusion

For the foregoing reasons, petitioner's Writ of Habeas Corpus is denied, and the Clerk of Court is respectfully directed to enter judgment denying and dismissing the petition, mail a copy of this Memorandum and Order and the judgment to *pro se* petitioner, note service on the docket, and close the case.

**SO ORDERED.**

Dated: April 15, 2019
Brooklyn, New York

/s/
Hon. Kiyo A. Matsumoto
United States District Judge

9